UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ANNA B. TYOMKINA

        Plaintiff,

  v.

ALBERTO R. GONZALEZ et al.,

        Defendants.

CASE NO. C06-1306JLR

ORDER

## I. INTRODUCTION

This matter comes before the court on Plaintiff Anna B. Tyomkina's petition for a hearing on her Naturalization Application (Dkt. # 1). On September 26, 2006, the court ordered Defendants to show cause why the court should not grant Ms. Tyomkina's application (Dkt. # 4). The court is in receipt of Defendants' response (Dkt. # 5) and Ms. Tyomkina's memorandum in opposition (Dkt. # 7).

For the reasons stated below, the court STAYS this action pending an expeditious resolution by the United States Citizenship and Immigration Services ("CIS") of Ms. Tyomkina's citizenship application. If a decision is not made on the application before January 6, 2007, the parties shall submit a joint status report updating the court on the status of the application and the source of the delay.

## II. BACKGROUND

Ms. Tyomkina is a lawful permanent resident of the United States who filed an application for naturalization with CIS, Form N-400, on April 11, 2005. See Pet. ¶ 10, Ex. 2.

ORDER – 1

On August 4, 2005, a CIS Officer conducted a naturalization interview with Ms. Tyomkina. Id. at ¶ 11.  At that time, Ms. Tyomkina passed an English language proficiency test and demonstrated her knowledge of United States history and government.  Id.  CIS informed Ms. Tyomkina that it could not approve her application on that date because her background security check was incomplete.  According to CIS, Ms. Tyomkina's application for citizenship cannot be adjudicated until the FBI completes a name check.[1]  See Defs.' Resp. at 3, Harrison Decl. ¶ 12.

### III. ANALYSIS

The Immigration and Nationality Act grants a district court jurisdiction to compel agency action on a naturalization application or make a ruling on the merits "[i]f there is a failure to make a determination . . . before the end of the 120-day period after the date on which the examination is conducted . . . ."  8 U.S.C. § 1447(b).

The court rejects Defendants' tedious argument that § 1447(b) does not grant subject matter jurisdiction over the present case.  Defendants contend that an "examination" under § 1447(b) encompasses the entire background investigation of the applicant; therefore, CIS has not yet conducted Ms. Tyokima's "examination" because her background investigation is incomplete.  In so arguing, Defendants ask this court to disregard the plain language of § 1447(b), Ninth Circuit precedent, and the majority of district court decisions that support the interpretation that an "examination" occurs on the date of an applicant's naturalization interview.  The plain language of § 1447(b) indicates that an "examination" is a discrete

---

[1] The FBI name check apparently consists of cross-referencing a naturalization applicant's name against FBI investigative databases containing information that is not necessarily revealed by the FBI's fingerprint check or the Department of Homeland Security-managed Interagency Border Inspection System.  See Harrison Decl. ¶ 4.

ORDER – 2

event, not an ongoing process that includes all facets of a background investigation.  See 8 U.S.C. §1447(b) (granting jurisdiction 120-days after "the *date* on which the examination is *conducted*") (emphasis added).[2]  Moreover, the Ninth Circuit has considered the date of the initial interview as the trigger date for the 120-day period under § 1447(b).  See U.S. v. Hovsepain, 359 F.3d 114, 1151 (9th Cir. 2004).  Finally, as Ms. Tyomkina correctly observes, the majority of district courts to decide this issue have held that the "examination" occurs when a naturalization applicant appears for her CIS interview.  See, e.g. Shalabi v. Gonzales, 2006 WL 3032413, at *4 (E.D. Mo. Oct. 23, 2006); Khelifa v. Chertoff, 433 F. Supp. 2d 836, 841 (E.D. Mich. 2006); El-Daour v. Chertoff, 417 F. Supp. 2d 679, 681 (E.D. Va. 2005).  Since over 120 days have passed since Ms. Tyomkina's August 2005 naturalization interview, this court has jurisdiction over the matter.

Nevertheless, the court declines to grant Ms. Tyomkina's application for naturalization until the FBI completes the requisite background investigation.  To do otherwise would contravene Congress's intent that the FBI conduct a background check prior to the adjudication of every naturalization application.  While the court recognizes Ms. Tyomkina's frustration with the delay, the circumstances of this case do not warrant the extraordinary remedy of compelling agency action or making a ruling on the merits at this time.

---

[2] Other CIS regulations treat an "examination" as a discrete, in-person appearance before a CIS officer.  See 8 C.F.R. § 335.2(a) ("[E]ach applicant shall appear in person before a Service officer designated to conduct examinations . . . .").

ORDER – 3

## III.  CONCLUSION

On the basis of Defendants' reassurance that CIS is working expeditiously to process Ms. Tyomkina's application[3], the court stays the matter pending resolution of her application. If CIS does not make a decision on the application before January 6, 2007, the parties shall submit a joint status report updating the court on the status of Ms. Tyomkina's application and the source of the delay.

Dated this 6th day of November, 2006.

JAMES L. ROBART
United States District Judge

---

[3]On September 18, 2006, CIS apparently requested the FBI to expedite Ms. Tyomkina's name check.  See Defs.' Resp. at 3, Harrison Decl. ¶ 12.

ORDER – 4